UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR "MICHAEL" KARIMI; TRANS TELECOM COMPANY, INC. | Case No. 2:22-cv-01379-MWC-KS |
| Plaintiffs, | **FINAL JUDGMENT AS TO DEFENDANTS BEHNAM RAFALIAN AND SOIL PACIFIC, INC. AND PARTIAL ORDER AS TO DEFENDANT ROYA AKHAVAN** |
| v. | |
| BEHNAM RAFALIAN; ROYA AKHAVAN; SOIL PACIFIC, INC.; DOES 1-10, | |
| Defendants. | |

Pursuant to the Default by Clerk entered against Defendant Roya Akhavan Dkt. # 132, the Court's Order re Default of Defendant Roya Akhavan Dkt. # 135 ordering a default and striking Defendant Roya Akhavan's answer; the jury's verdicts for Trial Phase 1 Dkt. # 169 and Trial Phase 2 Dkt. # 176, and the Court's Fact and Conclusions of Law (Trial Phase 3) Dkt. # 205 it is ORDERED AND ADJUDGED that:

1. Judgment is entered in favor of Plaintiff Amir "Michael" Karimi ("Plaintiff Karimi") and against Defendants  Behnam Rafalian ("Defendant Rafalian"), Roya

Akhavan ("Defendant Akhavan") and Soil Pacific, Inc. ("Defendant Soil Pacific") (collectively "Defendants") on Plaintiff Karimi's claims for negligence, trespass, private nuisance and public nuisance (hereinafter referred to as the "Common Law Claims") in compensatory damages in the amount of $805,000. Judgment is entered in favor of Defendants as against Plaintiff Trans Telecom on the Common Law Claims.

2. Based on the jury's finding in the Phase 1 Trial Dkt # 169 of a maximum percentage liability against Defendants for all common law causes of action of 40% liability as against Defendant Rafalian, 40% as against Defendant Akhavan, and 20% as against Defendant Soil Pacific, judgment is entered in favor of Plaintiff Karimi of an award against each Defendant Rafalian and Defendant Soil Pacific individually as follows:

- Defendant Rafalian - $322,000; and,
- Defendant Soil Pacific - $161,000.

3. Judgment is entered in favor of Plaintiff Karimi against Defendant Rafalian and Soil Pacific based on the jury's finding in the Phase 2 Trial Dkt # 176 that Defendant Behnam Rafalian, and one or more officers, directors, or managing agents acting on behalf of Defendant Soil Pacific, engaged in conduct relating to the common causes of action with malice, oppression or fraud, and awarded Plaintiff Karimi punitive damages of $1,600,000, and against each Defendant Rafalian and Defendant Soil Pacific individually as follows,

- Defendant Rafalian - $1,440,000; and,
- Defendant Soil Pacific - $160,000.

///

///

///

///

-2-

For the reasons set forth in the Court's Fact and Conclusions of Law (Trial Phase 3) Dkt. # 205, and pursuant to Default by Clerk entered against Defendant Roya Akhavan Dkt. # 132, the Court's Order re Default of Defendant Roya Akhavan Dkt. # 135 ordering a default and striking Defendant Roya Akhavan's answer; it is further ORDERED AND ADJUDGED that:

1. The Court finds in favor of Plaintiff Karimi and against all Defendants on the Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. § 9601 et seq.) ("CERCLA"), Carpenter–Presley–Tanner Hazardous Substance Account Act (Cal. Health & Safety Code § 25300 et seq.)"(HSSA") and Common Law Claims and awards Plaintiff Karimi $16,380 in costs for site investigation, and a declaratory judgment on joint and several liability against all Defendants for response costs or damages which shall be binding on any subsequent action or actions to recover further response costs or damages.

2. The Court finds in favor of Defendants and against Plaintiffs on the Resource Conservation and Recovery Act (42 U.S.C. § 6901 et seq.) ("RCRA") claim.

3. The Court finds in favor of Defendants and against Plaintiffs on the Cal. Bus. & Prof. Code § 17200 UCL claim.

4. Within thirty (30) days of entry of this Judgment, Plaintiffs may file a request for attorneys' fees and costs in accordance with the Federal Rules of Civil Procedure and the Central District of California Local Rules pursuant to the findings in this Judgment.

5. Within thirty (30) days of entry of this Judgment, Plaintiffs may file a Motion for Default against Defendant Akhavan in accordance with the Federal Rules of Civil Procedure and the Central District of California Local Rules pursuant to the findings in this Judgment.

Accordingly, Plaintiff shall recover from each Defendant a judgment in the amounts above, plus post-judgment interest under 28 U.S.C. § 1961(a). The Court

reserves ruling on any proper request for ruling on Plaintiffs' Motion for Default as to Defendant Akhavan, post-judgment fees, attorneys' fees, costs, etc., and to adjust this judgment, if necessary, as to Defendant Akhavan based on the Motion for Default.

This is a Final Judgment as to Defendants Rafalian and Soil Pacific. A Final Judgment shall be issued as to Defendant Akhavan after issuance of a ruling on the subsequently filed Motion for Default.

IT IS SO ORDERED.

DATED: July 17, 2026

_____
Honorable Michelle Williams Court
United States District Court